**In re Jeffrey Nathan SCHIRRIPA, Petitioner.**

**No. 15–3405.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. Oct. 22, 2015.

Opinion filed: Nov. 3, 2015.

Jeffrey Nathan Schirripa, Kinnelon, NJ, pro se.

Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges.

OPINION *

PER CURIAM.

Petitioner Jeffrey Nathan Schirripa, filed this petition for a writ of mandamus seeking an order directing the United States District Court for the District of New Jersey to rule on a motion for relief from final judgment which was filed pursuant to Federal Rule of Civil Procedure 60 on July 20, 2015.[1] For the following reasons, we will deny the petition.

A writ of mandamus is a drastic remedy that is invoked only in extraordinary situations. *See Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). To limit the use of the writ to such extraordinary circumstances, a petitioner must show: (1) both a clear and indisputable right to the writ, and (2) that he has no other adequate means to obtain the relief desired. *See Haines v. Liggett Group Inc.*, 975 F.2d 81, 89 (3d Cir.1992) (citing *Kerr*, 426 U.S. at 403, 96 S.Ct. 2119).

Although a district court retains discretion over the manner in which it controls its docket, *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir.1982), an appellate court may issue a writ of mandamus when an "undue delay is tantamount to a failure to exercise jurisdiction[.]" *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996), *superseded in part on other grounds by* 3d Cir. L.A.R. 24.1(c). Here, there is no basis for granting the petition for a writ of mandamus on the basis of undue delay. While Schirripa argues that his motion for relief from judgment has been "unreasonably neglected/delayed" by the District Court's "inability (or unwillingness)" to rule on the motion despite a "clear and undisputable obligation" to do so, we note that Schirripa's motion was filed approximately three months ago. We do not hesitate to conclude that this period of time does not rise to the level of undue delay.[2] We see no reason to believe that

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1. Schirripa asserts that his motion for relief from judgment was filed on June 25, 2015, but was "misplaced" by the District Court Clerk and was not docketed until July 20, 2015.

2. Even if we were to consider Schirripa's motion as filed on June 25, 2015, the date he alleges, rather than the date the motion was docketed, this apparent four-month period of

the District Court will not adjudicate the motion in due course. Thus, we conclude that there is no basis here for an extraordinary remedy.

Because our intervention is not warranted, we will deny the petition for a writ of mandamus.

time still does not constitute undue delay warranting our intervention.